UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA S. COLLINS, an individual; and JOHN P. COLLINS an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC, a limited liability company; and DOES 1 through 75, inclusive,<br><br>Defendant. | Case No.: 20CV1635-GPC(AGS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY OF THE CASE**<br><br>[Dkt. No. 20.] |

Before the Court is Defendant's motion to compel arbitration and stay of the case. (Dkt. No. 20.) Plaintiffs filed an opposition. (Dkt. No. 22.) Defendant replied. (Dkt. No. 26.) Based on the reasoning below, the Court GRANTS Defendant's motion to compel arbitration and stay of the case.

**Background**

On August 21, 2020, the case was removed to this Court from San Diego Superior Court. (Dkt. No. 1.) Plaintiffs Lisa S. Collins and John P. Collins ("Plaintiffs") filed a complaint alleging claims under the Song-Beverly Consumer Warranty Act for breach of express warranty under California Civil Code ("Civil Code") section 1794, breach of the implied warranty of merchantability under Civil Code section 1794, failure to commence

1

repairs within a reasonable time and to complete them within 30 days under Civil Code section 1793.2(B), and failure to promptly repurchase product under Civil Code section 1793.3(D) against Defendant BMW of North America, LLC ("BMW NA"), the manufacturer and/or distributor of the Vehicle. (Dkt. No. 1-2, Compl. ¶¶ 3, 15-38.)

On April 7, 2016, Plaintiffs purchased a certified pre-owned ("CPO") 2013 BMW 528i Sedan ("Vehicle") from BMW of San Diego ("SDBMW"). (Dkt. No. 1-2 Compl. ¶ 8.) As a pre-owned certified vehicle, the remainder of BMW's original 4 year/50,000-mile original factory warranty was still in effect, plus BMW's CPO warranty. (*Id.* ¶ 10.) Plaintiffs allege the Vehicle has serious, safety related defects which include but are not limited to: "multiple illumination of warning lights such as the check engine light, steering malfunction light, drivetrain malfunction light, coolant light and service engine light; loss of power; rough running engine; abnormal shaking and vibrations; cooling system malfunctions, electrical malfunctions, and abnormal noises." (*Id.* ¶ 11.) Plaintiffs have taken the Vehicle to BMW NA's authorized repair facility for repairs of these defects at least 15 times but it has failed to repair the defects and the Vehicle has failed to conform to its warranties. (*Id.* ¶¶ 12, 13.) BMW NA has refused to repurchase or replace the Vehicle. *(Id.* ¶ 14.)

## Discussion

**A.   Motion to Compel Arbitration**

Defendant moves to compel arbitration and stay the action pursuant to the arbitration clause contained in the Motor Vehicle Retail Installment Contract ("Contract") entered into by Plaintiffs.[1] (Dkt. No. 20-1.) Plaintiffs argue that Defendant cannot

---

[1] Defendant filed a request for judicial notice ("RJN") of the 1) Contract, 2) BMWFS's notice of interested parties filed in *Chelsey Huffman v. BMW Fin. Servs., NA*, LLC, Case No. 18cv5112-JFW-GJS (C.D. Cal. 2018) and 3) BMWFS's Statement of Information filed with the California Secretary of State's office. (Dkt. No. 20-2.) Plaintiffs have not opposed the request for judicial notice but instead filed evidentiary objections to certain paragraphs in the Weight and Dixon declarations. (Dkt. No. 23.) Defendant filed a reply to the objections. (Dkt. No. 26-1.) Pursuant to Federal Rules of Evidence 201, a court may take judicial notice of a fact not reasonably subject to dispute because it "is generally known

compel arbitration because no arbitration agreement exists between them since BMW NA is not a signatory to the Contract. (Dkt. No. 22 at 7.[2])

Under the Federal Arbitration Act ("FAA"), arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "[A] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that . . . arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. The United States Supreme Court has stated that there is a federal policy favoring arbitration agreements. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983). Federal policy is "simply to ensure the enforceability, according to their terms, of private agreements to arbitrate." *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 476 (1989). Courts are also directed to resolve any "ambiguities

---

within the trial court's jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Despite the RJN, the Court may consider the Contract as both parties rely on it to support their positions and the Court may consider documents outside the complaint on a motion to compel arbitration. *See Macias v. Excel Bldg. Servs. LLC,* 767 F. Supp. 2d 1002, 1007 (N.D. Cal. 2011). Next, because the Court did not consider the notice of interested parties, the Court DENIES the RJN as moot. Finally, the Court GRANTS the RJN of the Statement of Information filed with the California Secretary of State because it is a matter of public record, available on the government's websites and whose information "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b).

As to Plaintiffs' summary boilerplate objections claiming lack of personal knowledge and foundation and hearsay to Tyler Weight's declaration, the Court overrules them. First, because Plaintiffs fail to explain the basis for the objections, they are not convincing. Second, personal knowledge can be inferred from a declarant's position. *See Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir.1990) ("[Witness's] personal knowledge and competence to testify are reasonably inferred from their positions and the nature of their participation in the matters"). Weight declares he is a Finance Systems Manager for BMWFS and has personal knowledge that BMWFS is a wholly-owned subsidiary of BMW NA and are affiliates of one another. (Dkt. No. 20-4, Weight Decl. ¶ 3.) As a Finance Systems Manager, it can be inferred that Weigh has personal knowledge about the legal relationship between BMW NA and BMWFS. Finally, the Court sustains Plaintiffs' objections to the declaration of Dixon as moot because the Court did not consider them.

[2] Page numbers are based on the CM/ECF pagination.

as to the scope of the arbitration clause itself . . . in favor of arbitration." *Id.* "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Tech., Inc. v. Commc'n Workers of Am.*, 475 U.S. 643, 648 (1986); *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) ("it is a way to resolve those disputes-but only those disputes-that the parties have agreed to submit to arbitration."). In interpreting an arbitration agreement, the courts must "apply ordinary state-law principles that govern the formation of contracts." *Wolsey, Ltd. v. Foodmaker, In*c., 144 F.3d 1205, 1210 (9th Cir. 1998) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

On a motion to compel arbitration, the court's role is limited to deciding: "(1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). If these conditions are satisfied, the court is without discretion to deny the motion and must compel arbitration. 9 U.S.C. § 4; *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration."). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91 (2000).

Here, Plaintiffs solely challenge whether Defendant, a non-signatory to the Contract, has standing to enforce the arbitration clause. In its motion, Defendant argues that it can compel arbitration as a non-signatory under the doctrine of equitable estoppel and as a third-party beneficiary of the arbitration clause. Plaintiffs respond that the arbitration clause does not apply to BMW NA because it is not a party to the Contract as it states it is entered into between the Buyers and Seller, SDBMW, or Seller's assignee, BMWFS. (Dkt. No. 22 at 7.) Because BMW NA is not included in the definition of "I", "me", "my", "you" or "your", then it cannot compel arbitration. (*Id.*) They also disagree

that equitable estoppel and third-party beneficiary exceptions apply to this case. (*Id.* at 9-20.)

On April 7, 2016, Plaintiffs signed the Contract with SDBWM or its assignee BMW Financial Services NA, LLC[3] ("BMW FS"). (Dkt. No. 20-5, Toolson Decl., Ex. 1 at 6, 12.) The arbitration clause in the Contract provides, in part,

> "Claim" broadly means any claim, dispute or controversy, whether in contract, tort, statute or otherwise, whether preexisting, present or future, *between me and you or your employees, officers, directors, affiliates, successors or assigns,* or between me and any third parties if I assert a Claim against such third parties in connection with a Claim I assert against you, which arises out of or relates to my credit application, purchase or condition of this Vehicle, this Contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Contract). Any Claim shall, at your or my election, be resolved by neutral, binding arbitration and not by a court action.

(*Id.* at 11 (emphasis added).) The Contract defines "I," "me," and "my" as the Buyer (or Plaintiffs), and "you" and "your" as the Seller (or SDBMW) or its assignee, (or BMW FS). (*Id.* at 6, 12.)

Provision 19 of the Contract states that the SDBMW assigned "this Contract to BMW Bank of North America, a wholly owned subsidiary of [BMW FS] (collectively 'Assignee')." (*Id.* at 12.) BMW FS is an affiliate of BMW NA because BMW FS is a wholly owned subsidiary of BMW NA. (Dkt. No. 20-3, Dixon Decl. ¶ 4.) According to the California Secretary of State, BMW NA is the manager of BMWFS. (Dkt. No. 20-3, Dixon Decl., Ex. 4 at 11.)

"General contract and agency principles apply in determining the enforcement of an arbitration agreement by or against nonsignatories." *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1045 (9th Cir. 2009). "[A] litigant who is not a party to an

---

[3] According to section 19 of the Contract, SDBMW assigned the Contract to BMW Bank of North America, a wholly owned subsidiary of BMW Financial Services NA, LLC (collectively "Assignee,"). (Dkt. No. 20-5, Toolson Decl., Ex. 1 at 12.)

arbitration agreement may invoke arbitration under the FAA if the relevant state contract law allows the litigant to enforce the agreement." *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128 (2013) (citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 632 (2009)). California law allows non-signatories to an arbitration agreement to compel arbitration. *JSM Tuscany, LLC v. Superior Ct.*, 193 Cal. App. 4th 1222, 1236-37 (2011) ("There are exceptions to the general rule that a nonsignatory to an agreement cannot be compelled to arbitrate and cannot invoke an agreement to arbitrate, without being a party to the arbitration agreement."). For instance, a non-signatory may compel arbitration under the doctrine of equitable estoppel. *Id.* at 1237. A non-signatory may also compel arbitration as a third-party beneficiary to the arbitration agreement or as an agent to which its principal is a party to the arbitration agreement. *Ronay Family Ltd. P'ship v. Tweed*, 216 Cal. App. 4th 830, 838 (2013); *see also* Cal. Civ. Code § 1559 ("A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it.").

      The Court concludes that BMW NA, as a non-signatory, may compel arbitration as a third-party beneficiary.[4] To compel arbitration as a third-party beneficiary, the third-party must be "more than incidentally benefitted by the contract." *Gilbert Fin. Corp. v. Steelform Contracting Co.*, 82 Cal. App. 3d 65, 70 (1978). It is "not necessary that the beneficiary be named and identified as an individual. A third party may enforce a contract where he shows that he is a member of a class of persons for whose benefit [the arbitration agreement] was made." *Ronay Family Ltd. P'ship v. Tweed*, 216 Cal. App. 4th 830, 838-39 (2013) (citation omitted). In *Ronay,* the court of appeal found that the third-party beneficiaries could compel arbitration because "[b]y expressly requiring arbitration of claims against CapWest's *agents and registered representatives*, the arbitration clause was intended to benefit nonparties such as Tweed and TFI." *Id*. at 839 (emphasis added)

---

[4] Because the Court concludes that BMW NA is a third-party beneficiary to the arbitration clause, it need not discuss whether equitable estoppel allows BMW NA to also compel arbitration.

Here, the arbitration clause applies to any claim between Plaintiffs and SDBMW's or BMWFS' "employees, officers, directors, affiliates, successors or assigns." Because BMWFS is a wholly owned subsidiary of BMW NA, (Dkt. No. 20-4, Weight Decl. ¶ 3), and BMW NA is a Manager of BMWFS, (Dkt. No. 20-3, Dixon Decl., Ex. 4), BMW NA is an affiliate of BMWFS and may compel arbitration as a third-party beneficiary of the arbitration clause. *See Zeto v. BMW of N. America LLC*, Case No.: 20-cv-1380-GPC-KSC, 2020 WL 6708061, at *9 (S.D. Cal. Nov. 16, 2020) (granting motion to compel arbitration as a third-party beneficiary on almost identical arbitration clause with the term "affiliate"); *Saponjic v. BMW of North America, LLC*, Case No. 20-cv-703-BAS-RBB, 2020 WL 4015671, at *2 (S.D. Cal. July 16, 2020) (because Secretary of State website shows BMW NA is the manager of BMWFS, BMW NA is an affiliate of BMWFS, an assignee of the lease which reflects the intent of the parties to benefit BMW NA); *Fikhman v. BMW of N. America LLC*, 2:19-cv-03963-VAP-MRWx, 2019 WL 6721626, *3 (C.D. Cal. Oct. 15, 2019) (granting motion to compel arbitration because BMW NA, as manager of BMWFS qualifies as an "affiliate" of BMWFS); *Katz v. BMW of North America, LLC*, No. 19-01553 KAW, 2019 WL 4451014, at *3 (N.D. Cal., Sep. 17, 2019) (BMW NA has standing to enforce the arbitration clause as an affiliate and granting motion to compel arbitration as third party beneficiary); *see also Chavez v. Bank of America*, No. 10-653 JCS, 2011 WL 4712204, at *6 (N.D. Cal. Oct. 7, 2011) (holding that plaintiff may enforce arbitration provision against a nonparty because nonparty was an intended third party beneficiary of the agreement). Plaintiffs have not argued or shown otherwise but instead relies on the "third-party" language in the arbitration clause. *See Green Tree Fin. Corp.*, 531 U.S. at 91 ("the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration"). Accordingly, the Court concludes that BMW NA has standing to compel arbitration.

On a motion to compel arbitration, the Court is limited to determining whether "there is an agreement to arbitrate between the parties; and [ ] whether the agreement covers the dispute." *See Brennan*, 796 F.3d at 1130. Plaintiff does not dispute these two

determinations. Accordingly, because BMW NA has standing to compel arbitration, the Court GRANTS Defendant's motion to compel arbitration.

**B.     Stay of Case**

Defendant requests a stay of the case pending the conclusion of the arbitration which Plaintiffs do not oppose. (Dkt. No. 20-1 at 20.) Pursuant to 9 U.S.C. § 3[5], the Court STAYS the case pending the completion of the arbitration.

## Conclusion

Based on the reasoning above, the Court GRANTS Defendant's motion to compel arbitration and stay of the case. Within seven (7) day of the completion of arbitration, the parties shall inform the Court of completion, move to lift the stay, and file the appropriate documents for either completion or continuation of the case. The hearing set on January 29, 2021 shall be **vacated**.

IT IS SO ORDERED.

Dated:  January 25, 2021

Hon. Gonzalo P. Curiel
United States District Judge

---

[5] "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3.